Maria Salapska (#019585)
**LAW OFFICE OF MARIA SALAPSKA, PLLC**
3001 East Camelback Road, Suite 120
Phoenix, Arizona 85016
(480) 626-5597
*msalapska@salapskalaw.com*

*Attorney for Plaintiff*
  *United Truck & Equipment, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United Truck & Equipment, Inc., Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Curry Supply Co., a Pennsylvania corporation; and Christopher Ritchey,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF LANHAM ACT, VIOLATION OF THE COPYRIGHT ACT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, INTERFERENCE WITH BUSINESS RELATIONS AND UNJUST ENRICHMENT** |

Plaintiff United Truck & Equipment, Inc. ("United"), for its complaint against Defendants: Curry Supply Co. ("Curry") and Christopher Ritchey ("Ritchey") (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1. United manufactures, sells and distributes water tank systems for a wide variety of applications and related parts and accessories. United has been conducting its business since 1947 and has been using the name "United Truck & Equipment" since 1968. At considerable costs, United has advertised and promoted its products throughout the United States and worldwide to existing and prospective clients. [Copies of United's trademark and copyright registrations are attached hereto as Exs. A. & B, respectively] Among other forms of marketing, United developed, produced and distributed a high-quality color product catalog in 2002 (the "United 2002 Catalog"). [Ex. C]

2. Defendants are former customers of United. Defendants have printed and distributed a product catalog that replicates the exact text and layout of the United 2002 Catalog with only minor and insignificant changes (the "Infringing Catalog"). [Ex. D] In the Infringing Catalog, Defendants have removed United's registered and unregistered trademarks from the water tanks appearing in photographs and the background of various photographs. Defendants have replaced United's registered trademark with Defendant's trademark on the cover and every page of the Infringing Catalog. Defendants have blurred certain photographs in the Infringing Catalog to remove or distort background details that identify United. In the Infringing Catalog, Defendants have removed United's copyright notice and adopted United's Commitment to Quality, replacing "United Truck and Equipment" with "Curry Supply." Defendants have marketed their water tanks to United's customers and to the general public by stating that Defendant's water tanks are the same water tanks as those offered by United. Defendants are using the Infringing Catalog to offer for sale products that compete with United's products, wrongfully using the United 2002 Catalog in a manner likely to confuse the public as to the source of their products. Defendants' conduct has caused United irreparable harm and, unless Defendants are enjoined from further copyright infringement, trademark infringement, unfair competition, and interference with United's business relations, United will continue to suffer further immediate and irreparable injury.

## THE PARTIES

3. Plaintiff United is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Phoenix, Arizona.

4. Upon information and belief, Defendant Curry is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Curryville, Pennsylvania.

5. Upon information and belief, Defendant Ritchey is an officer and director of Curry and a resident of the State of Pennsylvania.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Copyright Act and Lanham Act claims set forth below by virtue of 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), and over the state law claims arising from the same nucleus of operative facts set forth below by virtue of 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because, among other reasons, upon information and belief, the Defendants do business worldwide, including Arizona, via an interactive Internet website.

8. The Court has personal jurisdiction over the Defendants because of their contacts with Arizona, specifically that Defendant's products are offered by Defendants on the Internet to potential buyers worldwide, including buyers in the United States in general, and in Arizona in particular.

## UNITED'S BUSINESS AND ITS PROTECTED MARKS AND COPYRIGHTS

9. United manufactures, sells and distributes water tank systems for a wide variety of applications as well as related parts and accessories. United has been a leader in manufacturing water tanks and accessories for six decades.

10. The United States Patent and Trademark Office first registered the United "U and design" trademark on April 6, 2004 as U.S. Trademark Registration No. 2,830,099. [Ex. A] The mark is arbitrary, inherently distinctive and has significant commercial value. United has been using its name, "United Truck & Equipment," since 1968 as a common law trademark.

11. United spent approximately $100,000 in the creation, production and printing of the United 2002 Catalog. United distributed the United 2002 Catalog to its customers and potential customers worldwide and delivered substantial quantities to its dealers for distribution to their customers. The United 2002 Catalog is registered with the United States Copyright Office. [Ex. B].

## DEFENDANTS' WRONGFUL CONDUCT

12. Defendants have created and distributed, and continue to distribute, the Infringing Catalog that replicates the exact text and layout of the United 2002 Catalog.

13. Defendants are using the Infringing Catalog to solicit business for products that are the same as those that United offers and features in the United 2002 Catalog and other promotional materials.

14. In the Infringing Catalog, Defendants have modified text and photographs in the United 2002 Catalog by removing United's registered and unregistered trademarks and replacing these marks with the Curry Supply trademark and corporate name.

15. Defendants have created an unauthorized derivative work of the United 2002 Catalog.

16. On information and belief, Defendants are soliciting current and potential customers of United using the Infringing Catalog.

17. On information and belief, Defendants are using the Infringing Catalog in connection with representations to customers and potential customers that they are selling water tanks that are the "same as" or equivalent to United's water tanks, but at a cheaper price and made in Pennsylvania.

18. Defendants are not authorized to produce and manufacture United water tanks and, on information and belief, do not currently sell genuine United water tanks.

19. On information and belief, Defendants have not been engaged in research and development or designing water tanks for the last 50 years as inferred in the Infringing Catalog.

20. Unless Defendants are restrained by this Court, they will continue to use the Infringing Catalog and solicit business in the same deceptive way, confusing the public through means of the copyright infringement, trademark infringement, false designation of origin and deceptive trade practices described herein.

21. Defendants' conduct has caused and, unless enjoined, will continue to cause United to suffer immediate, irreparable and continuous loss, damage and injury to

1  its goodwill and business reputation. United has no adequate remedy at law to prevent
2  such injuries to its goodwill and business reputation.

3      22.    On information and belief, Defendant Richey knowingly and personally
4  directed the wrongful conduct described herein and is, therefore, personally liable for
5  damages caused United.

## FIRST CLAIM FOR RELIEF

**(False Designation of Origin
in Violation of the Lanham Act § 43(a) (15 U.S.C. § 1125(a)))**

9      23.    United repeats and realleges the allegations contained in the preceding
10 paragraphs.

11     24.    Because the products that Defendants are offering to the public are
12 substantially similar to and in competition with the products promoted by United,
13 Defendants' use of its name and trademark on United products in the Infringing Catalog
14 is likely to cause the public to mistakenly believe that Defendants' products, services and
15 solicitations originate from, are sponsored by, or are in some way associated with United
16 and the products it provides. As such, Defendants' use of its name and mark is a use in
17 interstate commerce of a false designation of origin and/or a false or misleading
18 description or representation in violation of 15 U.S.C. § 1125(a).

19     25.    Defendants advertise their goods in such a manner that there is an express
20 or implied representation that their goods are those of United, thereby deceiving the
21 public as to the origin and/or identity of the goods.

22     26.    Defendants' unauthorized association of their products with the name
23 "United" has, on information and belief, resulted in profits to Defendants and has thereby
24 deprived United of revenue.

25     27.    By reason of the foregoing, United has been injured in an amount to be
26 proven at trial or otherwise.

27     28.    United is entitled to an award of damages equal to the profits obtained by
28 Defendants as a result of their false designation of origin and false or misleading

descriptions and representations in violation of 15 U.S.C. § 1125(a), in an amount to be proven at trial or otherwise. 15 U.S.C. § 1117.

29. Because United was forced to bring and maintain this action as a result of the wrongful acts of Defendants, United is therefore entitled to recover treble damages and reasonable attorneys' fees incurred in this matter against Defendants, pursuant to 15 U.S.C. § 1117(a).

30. Because United has no adequate remedy at law to prevent future injuries to its goodwill and business reputation, it is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

31. United repeats and re-alleges the allegations contained in the preceding paragraphs.

32. United is the owner of the copyright in the United 2002 Catalog. As owner of the copyright, United has certain exclusive rights, including the right to reproduce the copyrighted work; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale or other transfer of ownership. 17 U.S.C. § 106.

33. Defendants conduct described herein constitutes violation of Plaintiff's rights under the Copyright Act.

34. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained, but to be proven at trial or otherwise.

35. Because this claim arises under the Copyright Act, Plaintiff is entitled to costs and expenses under 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition)

36. United repeats and realleges the allegations contained in the preceding paragraphs.

37. By virtue of its registered trademark, Registration No. 2,830,099, United has exclusive rights to use its "U and design" mark in commerce in connection with metal casting and metal fluid storage tanks. 15 U.S.C. § 1115.

38. By virtue of its exclusive use of its name United Truck & Equipment, United owns and enjoys common law trademark rights in its name in conjunction with its advertising and promotion of its worldwide business operations, including the right to sue infringers.

39. Defendants' unauthorized use of its mark on United products for the purpose of promoting and soliciting business for Defendant is likely to cause confusion, mistake and deception in the minds of the public and is likely to cause the public to mistakenly believe that Defendants' services and solicitations originate from, are sponsored by, or are in some way associated with United.

40. Defendants' wrongful conduct of palming off its products on its unsuspecting customers as if they were United's products violates United's rights in its registered trademark and common law trademarks in the United States.

41. By its wrongful conduct described herein, Defendants engage in unfair competition as defined under common law.

42. By reason of the foregoing, United has been injured in an amount to be proven at trial or otherwise.

43. Because United has no adequate remedy at law to prevent future injuries to its goodwill and business reputation resulting from Defendants' wrongful conduct described herein, it is entitled to injunctive relief.

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under Arizona Law)

44. United repeats and realleges the allegations contained in the preceding paragraphs.

45. Defendants' above-described conduct constitutes active misrepresentation as to the source of their products and is contrary to honest business practice.

46. By reason of the foregoing, United has been injured in an amount to be proven at trial or otherwise.

47. Because United has no adequate remedy at law to prevent future injuries to its goodwill and business reputation resulting from Defendants' wrongful conduct described herein, it is entitled to injunctive relief.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment/Restitution)

48. United repeats and realleges the allegations contained in the preceding paragraphs.

49. As a result of the acts of Defendants described herein, Defendants have been unjustly enriched and Plaintiff has been unjustly impoverished in an amount to be proven at trial or otherwise.

50. In the event this Court finds no adequate remedy at law, United is entitled to the equitable remedy of restitution.

## SIXTH CLAIM FOR RELIEF

### (Consumer Fraud and False Advertising Under Arizona Law)

51. United incorporates and restates the allegations of all prior paragraphs, as if fully set forth herein.

52. Consumer fraud, as defined by Arizona law, is any deception, false statement, false pretense, false promise or misrepresentation made by a seller or advertiser of merchandise. In addition, concealment, suppression or failure to disclose a material fact may be consumer fraud if it is done with the intent that others rely on such concealment, suppression or nondisclosure. Merchandise may include any objects, wares, goods, commodities, intangibles, real estate or services. A.R.S.§ 44-1521 through 44-1534.

53. By their conduct described herein, Defendants engaged in consumer fraud within the meaning of the Arizona law vis-à-vis both United and the purchasing public at large, in violation of A.R.S. § 44-1521 through 44-1534.

1    **WHEREFORE**, based on all the foregoing facts and asserted claims, United
2 requests that judgment be entered against Defendants, and each of them, jointly and
3 severally, as follows:

4    A.    That Defendants, their officers, agents, servants, employees, affiliates and
5 successors, and all persons in concert or participation with Defendants be preliminarily
6 and permanently enjoined from:

7        (1)    Producing, using and distributing the Infringing Catalog and any and
8 all related or similar materials that copy or modify the United 2002 Catalog;

9        (2)    Using Defendants' trademarks on or in connection with any United
10 products;

11       (3)    Selling or marketing services and/or goods in any way that tends to
12 deceive, mislead or confuse the public into believing that Defendants' goods or services
13 are in any way sanctioned by or affiliated with United or any affiliate thereof.

14   B.    That Defendants be ordered to destroy all copies of the Infringing Catalog
15 and any and all related or similar materials that copy or modify the United 2002 Catalog
16 and notify all customers to whom they submitted the Infringing Catalog and any and all
17 related or similar materials that copy or modify the United 2002 Catalog that such are
18 recalled and withdrawn;

19   C.    That Defendants be ordered to file with this Court and serve on United
20 within twenty (20) days after entry of the injunction, a report in writing, under oath,
21 setting forth in detail the manner and form in which Defendants have complied with this
22 injunction;

23   D.    That Defendants be required to disgorge to United Defendants' profits and
24 the actual damages suffered by United as a result of Defendants' acts, and that such
25 damages be trebled because of the willful acts described in this complaint, all of which
26 were in disregard of United's rights and a violation of federal and state law;

27   E.    That Defendants be required to disgorge all the Defendants' profits
28 resulting from Defendants' trademark infringement, pursuant to 15 U.S.C. § 1117;

F.  That Defendants be required to pay United's attorney's fees, together with all costs of this lawsuit; and

G.  For such other and further relief as the Court deems just and equitable.

Dated: June 3, 2008.                    Respectfully submitted,

                                 Maria Salapska
                                 **LAW OFFICE OF MARIA SALAPSKA, PLLC**
                                 3001 East Camelback Road, Suite 120
                                 Phoenix, Arizona 85016

                                 By: s/ Maria Salapska

                                 *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2008, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing.

                                 s/ Cheryl A. Clark

## VERIFICATION

I, Larry Trauscht declare:

1. I am the President of United Truck & Equipment, Inc. (the "Company"), which is the plaintiff in this matter.

2. I am competent and authorized to make this declaration on the Company's behalf and am making it based on my personal knowledge and/or Company records.

3. I have read the foregoing Verified Complaint.

4. I declare, under the penalty of perjury under all applicable laws, that the facts alleged in the Verified Complaint are true to the best of my knowledge and belief.

Executed this 3 day of June, 2008, in Maricopa County, Arizona.

_____
Larry Trauscht